■ ANGELINA DIPRISCO, Appellant, et al., Plaintiff, v 2556 BOSTON ROAD FOOD CORP., Doing Business as KEY FOODS, Respondent.—Judgment, Supreme Court, Bronx County (Shirley Fingerhood, J.), entered on June 10, 1986, after a jury trial, in favor of plaintiff and against defendant in the sum of $80,789, unanimously reversed to the extent appealed from,

on the law, with costs, and the matter is remanded for a new trial solely on the issue of damages.

On December 31, 1984, the plaintiff Angelina DiPrisco, then 75 years of age, sustained a hip fracture as a result of a fall at defendant's premises. A few days thereafter plaintiff underwent an operation requiring a bipolar prosthetic replacement of the right hip.

After a jury trial, the jury entered a verdict in plaintiff's behalf in the sum of $80,789. Plaintiff appeals from that verdict, alleging that it was grossly inadequate and that her recovery of damages was prejudicially affected by the trial court's refusal to permit plaintiff's counsel to confront defendant's medical expert with a report of plaintiff's attending physician, a ruling that allowed the jury to get the mistaken impression that plaintiff's attending physician agreed with defendant's expert that she would not experience permanent pain and discomfort. Under the circumstances presented, we believe that the trial court's ruling was erroneous and that it could have materially affected the jury's evaluation of the damages. Accordingly, we think it unnecessary to determine whether or not the award of damages was grossly inadequate.

Central to the issue presented is the circumstance that the surgeon who performed the operation and thereafter attended plaintiff did not testify at the trial. Accordingly, the evidence with regard to the operation, plaintiff's subsequent medical treatment, her resultant physical condition, the pain and discomfort that she experienced, and the prognosis for the future was presented by two expert witnesses, each of whom had examined plaintiff and various relevant records.

In substance, plaintiff's expert testified to significantly more severe impairment, accompanying pain and discomfort than did defendant's expert, and the two also disagreed as to whether the pain and discomfort experienced by the plaintiff was likely to be permanent. As a relevant background to the issue presented, we note that defendant's counsel undertook in his cross-examination of the plaintiff's expert to underline the failure of the plaintiff's attending physician to testify, and to convey to the jury that his failure implied that, at least in part, he would not have supported plaintiff's claims.

At the end of plaintiff's own testimony, and before any expert was called, plaintiff's counsel undertook to introduce into evidence the office records of her attending physician, which motion was denied, presumably because no appropriate foundation had been established. During the cross-examina-

tion of defendant's expert, plaintiff's counsel elicited that he had looked at the records of the attending physician, although the records examined were not specified, and also elicited that some of the conclusions of the witness were based on those records. Counsel's renewed application to introduce the office records of the attending physician was denied. The reason for the denial was not set forth, and it is at least arguable that the court's ruling may have been influenced by a perceived failure to identify which parts of the record had been examined and which parts of the record had been relied upon by the witness. We think it unnecessary to the issue presented to determine whether or not this ruling was correct.

Further on in his cross-examination plaintiff's counsel asked the defendant's expert witness whether or not he agreed with the conclusion expressed by the attending physician in a certain report, and the witness said that he did. The conclusion expressed in that report, which was marked as exhibit 17 for identification was, in pertinent part: "The prognosis for her is guarded in that she may well have pain, discomfort and stiffness in her hip on a permanent basis." Apparently encouraged by the expert's answer that he agreed with the conclusion, plaintiff's counsel asked if he had an opinion as to whether "this patient will have pain, discomfort, and stiffness in her right hip on a permanent basis?" Defendant's expert answered that he did not think plaintiff would experience such permanent pain and discomfort. The efforts of plaintiff's counsel to confront the witness with the contrary conclusion in the exhibit marked for identification were objected to by defense counsel, and the objection was sustained in what might fairly be considered an emphatic manner.

As plaintiff contends on this appeal, the result of this ruling may well have been to leave the jury with the incorrect understanding that plaintiff's attending physician, whose failure to testify had been pointedly called to the jury's attention by defense counsel, agreed with defendant's expert that the plaintiff would not sustain pain and discomfort on a permanent basis, and that such an erroneous understanding could have affected the jury's award of damages.

We appreciate that the trial court might well have viewed the questions put to defendant's expert by plaintiff's counsel as an improper effort to put before the jury the opinion of the attending physician who did not testify and who was not therefore subject to cross-examination. But the result of the court's ruling, perhaps not appreciated at the moment by the trial court, was to leave the jury with an incorrect inference

as to the opinion of plaintiff's attending physician. The unfair prejudice to plaintiff's position inherent in this erroneous understanding seems to us to outweigh clearly the court's effort to preclude the introduction of the opinion of a witness who did not testify, particularly in light of the sustained effort by defense counsel to invite the jury to draw an inference adverse to plaintiff from the failure of her attending physician to testify. Concur—Sandler, J. P., Carro, Asch, Rosenberger and Wallach, JJ.